UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MISTY R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03277-TAB-TWP |
| ) | |
| ANDREW M. SAUL, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

**I.   Introduction**

Plaintiff Misty R.'s counsel filed the instant motion for attorneys' fees under 42 U.S.C. § 406(b) for her successful representation of Plaintiff in a Social Security disability appeal. [Filing No. 25.] Counsel argues that $16,643.50 is a reasonable attorney fee. The Commissioner contends that this award and its hourly rate of $914.47 is unreasonable, thus creating a windfall for Plaintiff's counsel. [Filing No. 27.] As discussed below, Plaintiff's motion for attorneys' fees is granted, but at a reduced rate.

**II.   Background**

On October 24, 2018, Plaintiff filed a complaint seeking to reverse the decision of the Commissioner of the Social Security Administration denying her application for Social Security disability benefits. [Filing No. 1.] On May 10, 2019, the parties filed a Joint Motion to Remand [Filing No. 20.], which the Court granted. [Filing No. 21.] On December 19, 2019, following a second administrative hearing, Plaintiff was approved for benefits. [Filing No. 24.] Under the Equal Access to Justice Act, counsel was awarded attorneys' fees in the amount of $3,400.

[Filing No. 24.]¹  On August 24, 2020, counsel filed the instant motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) for her federal court representation of Plaintiff in the amount of $16,643.50.  [Filing No. 25.]

### III.     Discussion

Under 42 U.S.C. § 406(b), a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. 42 U.S.C. § 406(b)(1)(A).  The Court must review all fee requests under 42 U.S.C. § 406(b). The Court acts "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

The SSA awarded Plaintiff $66,574 in past-due benefits.  [Filing No. 25.]  Counsel seeks $16,643.50, an amount that is equal to 25 percent of the total past-due benefits.  [Filing No. 25.] Counsel argues that her fee request is reasonable because: (1) of the contingent fee agreement she had with Plaintiff;  (2) the requested fee is less than a typical contingent recovery fee; (3) she dedicated a total of 57.95 hours to Plaintiff's case at the federal and administrative levels; and (4) the requested fee results in a hypothetical hourly rate of $297.20, which is well within the range typically approved in this circuit.  [Filing No. 25, at ECF p. 3.]  The Commissioner opposes counsel's request for this amount.  [Filing No. 27, at ECF p. 2.]  While the Commissioner acknowledges that 25 percent of Plaintiff's past-due benefits equates to the amount sought by counsel, the Commissioner believes the amount requested results in an unreasonably high hourly fee.  The Court addresses each of these arguments in turn.

---

¹ Counsel states that those fees will be refunded to Plaintiff.  [Filing No. 25, at ECF p. 5.]

(1) The contingency fee agreement

Plaintiff's counsel contends that she had a contingency fee agreement with Plaintiff, which reflects a substantial risk of loss for both Plaintiff and counsel. [Filing No. 28, at ECF p. 4.] Plaintiff contracted to provide counsel with the statutory maximum of 25 percent of past-due benefits. [Filing No. 28, at ECF p. 4.] In response, the Commissioner points out that Plaintiff's counsel failed to provide the agreement with her motion for fees under 42 U.S.C. § 406(b). [Filing No. 27, at ECF p. 2.] Counsel subsequently attached the agreement to Plaintiff's reply brief. [Filing No. 28-1.] Counsel's request for fees aligns with that contingency agreement, and the contingency agreement is within the parameters set forth in 42 U.S.C. § 406(b). Still, the Court must review the outcome of any contingency fee agreement as an independent check for its reasonableness. *Gisbrecht*, 535 U.S. 789, 796 (2002).

(2) Less than typical fee

Counsel for Plaintiff argues that the requested fee is reasonable because it is less than a typical contingent recovery fee, such as in personal injury cases. [Filing No. 25, at ECF p. 3.] This argument is irrelevant. Rather, the issue is the reasonableness of the underlying fee agreement, as discussed further below. *Gisbrecht,* 535 U.S. 808 (2002).

(3) Hours at federal vs. administrative levels

Plaintiff's counsel contends that the requested fee reflects the time spent on Plaintiff's case. Counsel certifies that she spent 57.95 hours in total on Plaintiff's case. [Filing No. 25.] In support, counsel provided two records of her time. The first record covers counsel's work at the administrative level, where she spent 39.75 hours on Plaintiff's case. [Filing No. 25-1.] The second record totals 18.2 hours and appears to cover work performed at the federal level. [Filing No. 25-2.] As the Commissioner notes, a § 406(b) motion limits an attorney to compensation for

time worked at the federal level.  *See Culbertson v. Berryhill*, __ U.S. __, 139 S. Ct. 517, 522 (2019) ("As presently written, the Social Security Act discretely addresses attorney's fees for the administrative and judicial-review stages: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.") (internal citations quotation marks omitted).  Accordingly, the Court's focus is on the number of federal hours counsel spent on Plaintiff's case: 18.2.  When dividing 25 percent of Plaintiff's past-due benefits, $16,643.50, by the amount of time counsel spent, 18.2 hours, the effective hourly rate would be $914.48.

    (4)    <u>Reasonableness of fee</u>

Plaintiff's counsel argues that the rate—whether it be $297.20 or $914.47—is reasonable.  As stated above, the Court's role is to serve as an independent check on behalf of the claimant to ensure that fee requests are reasonable.  *Gisbrecht*, 535 U.S. at 796.  Moreover, the district court is to consider the following factors in making a reasonableness determination: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case.  *Id.* at 808.

The first three factors set out in *Gisbrecht*, are not at issue here.  Plaintiff's counsel achieved the results of the representation and the delays were minimal.  The fourth factor, whether the benefits are large in comparison to the time the attorney spent on the case, dooms counsel's argument that the requested fee is reasonable.

As stated above, counsel's effective hourly rate would be $914.48.  This is excessive.  This hourly rate "calls into question the bounds of reasonableness in this district." *Cynthia L. v. Saul*, No. 1:17-cv-02192-JMS-TAB, 2019 WL 10060470, at *4 (S.D. Ind. Sept. 20, 2019).  This

Court has found that § 406(b) fee awards equivalent to hourly rates ranging from $400 to $600 are reasonable. *See, e.g., Taylor v. Berryhill*, No. 1:16-cv-03474-MJD-JMS, 2018 WL 4932042, at *1-2 (S.D. Ind. Oct. 10, 2018) (approving an award equivalent to an hourly rate of $377.03); *Cynthia L. v. Saul*, No. 1:17-cv-02192-JMS-TAB, 2019 WL 10060470, at *4 (approving an award equivalent to an hourly rate of $604.80);  Additionally, the Commissioner concedes that $600 would be reasonable in light of other decisions in this district.  [Filing No. 27.]  For the reasons set forth above, the Court in its discretion, finds $600 to be a reasonable fee for the time counsel spent on this case.  *See also*, Zimmerman v. Astrue, No. 1:08-cv-00228, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); Duke v. Astrue, No. 1:07-cv-00118, 2010 WL 3522572, at *3-4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); Schimpf v. Astrue, No. 1:06-cv-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50) .  Accordingly, multiplying the amount of time counsel spent on Plaintiff's case at the federal level (18.2 hours) by the more reasonable hourly rate of $600, counsel is entitled to a § 406(b) fee award of $10,920.

**IV.     Conclusion**

For the reasons set forth above, the Court grants Plaintiff's § 406(b) motion for attorneys' fees, but at a reduced rate of $600 per hour.  [Filing No. 25.]  Therefore, counsel is entitled to $10,920 in attorneys' fees for the 18.2 hours.  The Commissioner is ordered to pay the amount from Plaintiff's past-due benefits directly to counsel.  At that time, counsel should refund Plaintiff the $3,400 previously awarded EAJA fees.

Date: 11/18/2020

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email